UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RASHAUN KELLY,

    Plaintiff,

v.  Case No: 8:15-cv-2503-T-30JSS

KELLY SERVICES,

    Defendant.

## **ORDER**

THIS CAUSE is before the Court *sua sponte*. On January 21, 2016, after Defendant had filed a motion to dismiss (Dkt. 9), the Court ordered Defendant to show cause (Dkt. 16) for why the case should not be remanded to state court for lack of subject matter jurisdiction. More specifically, the Court questioned how the amount in controversy in this case—which involves an alleged wrongful termination of a substitute teacher who earned approximately $80 per day of teaching—would exceed the Court's $75,000 jurisdictional threshold. *See* Dkt. 16, p. 2 (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014)). Defendant has responded to the Court's order. For the reasons discussed briefly below, that response fails to show that the amount in controversy more likely than not exceeds $75,000. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001). It likewise fails to establish any other basis for the exercise of federal jurisdiction. The case will be remanded.

In response to the Court's order to show cause, Defendant supplies an unsubstantiated—and likely unsupportable, as will be explained below—extrapolation of Plaintiff's lost earnings. By Defendant's calculation, Plaintiff's lost earnings amount to $20,800 annually. Though Defendant offers no evidence to support the claim, the Court's own calculation concludes that Defendant's claim would indeed be spot on—if Plaintiff were to work as a substitute teacher on every single weekday of a 52-week calendar year.[1] Of course, this would be quite the teaching schedule, one that requires the substitute to teach (somehow) on the many days throughout the year in which the school is closed for holidays.

Plaintiff's lost earnings are likely far less than $20,800.

The Court recognizes that it may use its "judicial experience and common sense" to consider other claimed damages when calculating the amount in controversy. *Wineberger v. Racetrac Petroleum, Inc.*, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, *2 (M.D. Fla. Jan. 16, 2015) (quoting *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). But even by Defendant's faulty calculation of lost earnings, the more than $50,000 difference between that figure and the amount necessary for the Court to exercise jurisdiction requires the Court to speculate too much about what Plaintiff might recover. *See generally McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014); *see also Biffar v. GCA Servs. Grp., Inc.*, No. 8:15-cv-1154-T-33TGW, 2015 WL 4042103, *3

---

[1] $20,800 annual pay/$80 per day = 260 days of work as a substitute teacher; 260 days of work/52 weeks in a year = 5 days a week.

(M.D. Fla. July 1, 2015). Judicial experience tells the Court that this is too much speculation. *Compare Wineberger*, 2015 WL 225760, at *2; *with Biffar*, 2015 WL 4042103, at *2-3 (remanding after declining to speculate, after considering evidence on back pay, that the approximately $15,000 remaining to meet amount-in-controversy requirement would be met with other damages). The evidence has not shown that the amount in controversy more likely than not exceeds $75,000. The Court therefore declines to exercise jurisdiction on that basis.

Defendant has likewise failed to demonstrate that Plaintiff's complaint raises federal claims over which the Court should exercise jurisdiction. Federal question jurisdiction requires a complaint to arise from "the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and the issue "must appear on the face of the plaintiff's well-pleaded complaint." *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011). A plaintiff remains the master of the complaint, and he may avoid federal jurisdiction by exclusive reliance on state law. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Federal jurisdiction over a state law claim will exist only if a federal issue is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in the federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013).

Plaintiff did file a charge of discrimination with the Florida Commission on Human Rights in which he claimed that Defendant violated the Civil Rights Act of 1964. (The Court does take note of the fact that the precise terminology Plaintiff used in the charge of discrimination form—"Title VII of the Civil Rights Act of 1964, as amended"—suggests

that that part of the form contained boilerplate language.) But the face of Plaintiff's *complaint* governs, not a form he submitted to a state agency. *Strong*, 651 F.3d at 1251. Plaintiff's complaint, filed in state court, does not raise any federal issues, let alone a substantial one. *See* Dkt. 2; *Gunn*, 133 S. Ct. at 1065. This Court does not have jurisdiction.

It is therefore ORDERED AND ADJUDGED that:

1. This case is remanded to the Tenth Judicial Circuit in and for Polk County Florida.

2. The Clerk of Court is directed to remand this case to the Tenth Judicial Circuit in and for Polk County Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is further directed to close this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of January, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4